**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GEORGE BALTES,

                                Petitioner,

    - v -                                                9:18-CV-25
                                                                 (MAD/DJS)

ATTORNEY GENERAL OF THE STATE OF
NEW YORK,

                                Respondent.

**APPEARANCES:**                           **OF COUNSEL:**

GEORGE BALTES
Petitioner *Pro Se*
19139-052
Federal Correctional Institution - Danbury
Route 37
Danbury, CT 06811

HON. LETITIA JAMES                    MARGARET A. CIEPRISZ, ESQ.
Attorney General for the State of New York  Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    In this proceeding *pro se* Petitioner George Baltes challenges state parole revocation proceedings which took place in Clinton County Court in July 2011. Dkt. No.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1, Petition ("Pet.") at p. 1.[2]  He was sentenced to a term of imprisonment of one to three years.  *Id.*; Dkt. No. 8, State Court Record ("SR.") at pp. 11-17.[3]  Petitioner presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the following grounds:

    1) ineffective assistance of counsel;

    2) violation of due process regarding the running of Petitioner's state sentence consecutively to a federal sentence; and

    3) violation of due process resulting from the Court's failure to properly advise Petitioner of the consequences of his plea.  Pet. at pp. 5-11.

Respondent requested leave to initially respond to the Petition solely on the ground that it is untimely.  Dkt. No. 4.  The Court granted that request, Dkt. No. 5, and Respondent has filed a Memorandum of Law in Opposition to the Petition on that limited ground.  Dkt. No. 6, Resp. Mem. of Law.  Petitioner has responded, arguing that the Petition should not be dismissed as untimely.  Dkt. No. 16.  For the reasons that follow, this Court recommends that the Petition be **denied** as untimely.

## I.  BACKGROUND

Petitioner was convicted in 2008 of driving while intoxicated, failure to stay in his lane, obstruction of governmental administration and resisting arrest.  SR. at p. 1.  On Appeal, that conviction was affirmed in part and reversed in part, in particular reversing the obstruction of governmental administration and resisting arrest convictions, but

---

[2] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

[3] Citation to the state court record is in the form "SR." followed by the page numbering provided by Respondent.

otherwise affirming. *People v. Baltes*, 75 A.D.3d 656, 661 (3d Dept. 2010). Petitioner was sentenced to six months in jail and a five year term of probation. SR. 1.

In 2011, a Criminal Complaint was filed in the Northern District of New York charging Petitioner with a federal drug crime. SR. at pp. 4-6. Petitioner was arrested and detained in federal custody as a result of the Complaint. *Id.* at pp. 7-8. As a result of that arrest, Petitioner was charged in New York State court with violating the conditions of his probation. *Id.* at pp. 9-10. On July 27, 2011, Petitioner pled guilty to two such violations and was sentenced to an indeterminate term of one to three years imprisonment. *Id.* at pp. 11-17. No appeal was filed. Pet. at p. 2. It appears that Petitioner remained in federal custody while these proceedings took place. *See* Dkt. No. 16-2 at p. 6.

On April 23, 2013, Petitioner entered a guilty plea on the federal charges. SR. at pp. 184-208. Petitioner was subsequently sentenced to a term of 121 months in prison based on that guilty plea. *Id.* at p. 222. The sentence was subsequently reduced, upon Petitioner's motion, to 120 months. *Id.* at p. 229.

Petitioner is currently in federal custody, Dkt. No. 16, and New York's Department of Corrections and Community Supervision has determined that Petitioner's state sentence is to run consecutively to his federal sentence. SR. at p. 238. Petitioner, through counsel, made a motion seeking to "clarify" Petitioner's state court commitment so that the state sentence would rule concurrently, rather than consecutively, to the federal term of imprisonment. *Id.* at pp. 239-242. That motion was denied on January 5, 2016. *Id.* at pp. 243-246. In denying the motion the state court noted in part, that "at the time the Court imposed this sentence, there was no federal sentence in existence to which the Court

could have run this sentence either consecutively or concurrently." *Id.* at p. 245. Petitioner filed a second state court collateral attack of the July 2011 judgment on March 30, 2017. That motion was denied in an October 2017 Decision and Order which characterized the motion as "nearly identical" to the one that had been considered and denied in January 2016. SR. at p. 259.

## II. DISCUSSION

### A. Timeliness of the Petition

Under 28 U.S.C. § 2244(d)(1):

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"A petition for a writ of habeas corpus must be filed within one year of the latest of [these] four triggering events." *Trovato v. Kaplan*, 2013 WL 636956, at *2 (S.D.N.Y. Feb. 11, 2013). The Petition and Petitioner's arguments offer several different potential trigger dates to start the running of the statute of limitations. Each is considered in turn below.[4]

---

[4] The Petition does not raise any question regarding newly recognized constitutional rights and so no issue is presented regarding section 2244(d)(1)(C).

*1. 28 U.S.C. § 2244(d)(1)(A)*

Petitioner admittedly did not file a direct appeal from the state court proceedings challenged here. Pet. at p. 2. Under state law, he had thirty days in which to do so. N.Y. Crim. Proc. Law § 460.10(1)(a). When no appeal is filed, the expiration of that time period begins the running of the limitations period under 28 U.S.C. § 2244(d)(1)(A). *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002). If that were the applicable date for triggering the one-year limitations period, it would have begun to run in August 2011 and this proceeding would clearly be untimely. Petitioner does not appear to dispute this, arguing instead that the Petition is timely under either subdivision B or D of section 2244(d)(1). Dkt. No. 16-1, Pet.'s Mem. of Law at p. 1.

*2. 28 U.S.C. § 2244(d)(1)(B)*

Under 28 U.S.C. § 2244(d)(1)(B) the statute of limitations begins to run from "the date on which the impediment to filing an application created by state action . . . is removed, if the applicant was prevented from filing by such State action." Here, Plaintiff claims, under the heading "No Access to State Courts," that this subdivision applies because of a claimed lack of access to New York research materials while he has been in federal custody. Pet.'s Mem. of Law at p. 5. Habeas review, however, is available only for claims that an individual is incarcerated in violation of federal, not state law. 28 U.S.C. § 2254(a). "Here, even assuming that a lack of New York State legal materials in the [ ] prison law library hindered Petitioner's ability to file post-conviction motions in New York State court, the lack of New York State legal materials cannot be said to have hindered Petitioner's ability to file a federal habeas application." *Wallace v.*

5

*Superintendent of Clinton Corr. Facility*, 2014 WL 2854631, at *6 (S.D.N.Y. June 20, 2014).  There is also no allegation that the federal facilities at which he was housed did not provide adequate federal law research materials.  The lack of such an allegation is fatal.  *Caldarola v. Capra*, 2013 WL 5328197, at *15 (S.D.N.Y. Sept. 6, 2013).

Nor does the record support that his incarceration in federal custody prevented Petitioner from accessing state courts in any event.  Petitioner retained counsel and filed a motion challenging the state proceedings.  Additionally, Petitioner's Traverse is supported by various correspondence and other records including a letter dated January 31, 2015, but apparently mailed February 5, 2015, to the state court judge who handled Petitioner's probation violation proceedings.  Dkt. No. 16-4 at p. 13.  This letter shows that, at least as of early 2015, he was able to access state courts in an attempt to address the validity of his July 2011 sentence.  Given this, he cannot show that any state-created bar to access prevented him from making court filings.  Subdivision B, therefore, does not apply.

### 3. 28 U.S.C. § 2244(d)(1)(D)

Section 2244(d)(1)(D) runs the statute of limitations from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner makes a number of specific arguments that this section acts to render his Petition timely, but those arguments are not availing.

As to several of Petitioner's arguments that he only discovered the necessary factual predicates for his claim at a later date, even if the Court accepted that these factual predicates were sufficient, the Petition is nonetheless untimely because those dates are

6

more than one year prior to when he actually filed this Petition. Petitioner contends that he became aware of the New York detainer in November 2013. Pet.'s Mem. of Law at pp. 2-3. To the extent Petitioner argues that this is "the first trigger date for the start of the limitations period," *id.* at p. 3 (internal quotations omitted), his Petition filed more than four years later is clearly untimely. Petitioner next contends that the January 5, 2016 Decision and Order from Judge Kevin Ryan, SR. at pp. 243-246, is the first date he could have been aware of the necessary factual predicate for his claim. Pet.'s Mem. of Law at p. 6. Accepting that date, a timely habeas petition would need to have been filed in January 2017, one year after that decision, not as it was here in January 2018.

Petitioner also argues that a December 23, 2016 letter from DOCCS is an applicable subdivision D trigger. *Id.* at pp. 7-8. He claims this letter was the first full explanation of DOCCS' basis for treating his state sentence as consecutive. *Id.* For the reasons just outlined, however, Petitioner was well aware of the factual predicate for the claims he now raises well before receipt of this letter. In December 2016, he had already received one letter from DOCCS advising him that his state sentence was being treated as consecutive and he had filed and received an unfavorable decision on a section 440 motion seeking relief regarding his sentence. As such, the December 2016 letter is clearly not the first date on which the factual predicate for his claims "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner also suggests that a statement made by the Assistant District Attorney opposing Petitioner's first state court motion regarding his sentence is the applicable subdivision D trigger. Pet.'s Mem. of Law at p. 7 (citing SR. at p. 96). The statement at

issue which Petitioner objects was "misleading" involved whether Petitioner might "perhaps" have had a federal remedy regarding his sentence. *Id.* Though made in November 25, 2015, Petitioner claims he did not become aware of this statement until March 2017. *Id.* This allegation fails to establish a sufficient factual predicate to render the Petition timely. The argument that he did not receive a copy of the ADA's Affirmation until March 2017, however, is not availing to Petitioner by virtue of "[t]he general rule . . . that 'courts ordinarily deem a party represented by counsel to have notice of all facts, notice of which can be charged upon the attorney.'" *Glover v. Herbert*, 2007 WL 570184, at *4 (W.D.N.Y. Jan. 25, 2007) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 397 (1993)). Additionally, in February 2017 Petitioner attempted to file a state court *pro se* motion making some of the same arguments he now raises, SR. at pp. 105-111, so he was clearly aware then of the factual predicate of his claim even if he did not become aware of the disputed affirmation until March 2017.

Petitioner's three claims for relief in the Petition all relate directly to his July 2011 plea and sentencing. Pet. at pp. 5-11. Whatever may be said of the circumstances surrounding that court appearance, it is clear that the factual basis for claims related to it must have been aware to Petitioner no later than the January 2016 decision denying his state court collateral review.

### 4. 28 U.S.C. § 2244(d)(2)

Petitioner also contends that the filing of his second section 440 motion renders his Petition timely under 28 U.S.C. § 2244(d)(2). That section provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with

8

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "It is well-settled that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not "reset" the one-year limitation period." *Gillard v. Sticht*, 2017 WL 318848, at *2 (N.D.N.Y. Jan. 23, 2017) (citing cases). For the reasons outlined above, the statute of limitations began to run at the very latest in January 2016, when Petitioner's initial section 440 motion seeking relief regarding his sentence was denied. His second 440 motion was not filed until March 20, 2017. Pet. at p. 4. It was thus "submitted well after the one-year limitation period had already expired" and cannot be said to have tolled the already expired limitations period. *Narvaez v. James*, 2014 WL 689020, at *3 (N.D.N.Y. Feb. 20, 2014); *see also Williams v. Thomas*, 2016 WL 3766351, at *6 (N.D.N.Y. July 11, 2016) (citing cases); *Bell v. Herbert*, 476 F.Supp.2d 235, 244 (W.D.N.Y. 2007) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period.").

Accordingly, the Court recommends finding that the petition is untimely.

### B. Applicability of Equitable Tolling

"A petitioner may secure equitable tolling of the limitations period in certain rare and exceptional circumstances." *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (internal quotations and alterations omitted) (citing cases). To demonstrate his entitlement to equitable tolling Petitioner "must establish that (a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the period for which he now seeks tolling." *Id.*

(quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). Petitioner does not make any specific argument for equitable tolling beyond the fact that he is proceeding *pro se* and lacks sufficient legal knowledge. Courts have repeatedly found this insufficient to establish the necessary extraordinary circumstances. *Paliulis v. Saratoga Cty. Prob. Dep't*, 2010 WL 1781600, at *6 (N.D.N.Y. May 3, 2010); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (citing cases). As a result, no basis for equitable tolling exists.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED** as untimely; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 9, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge