**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**GEORGE BALTES,**

                                  Petitioner,

vs.                                                             9:18-cv-25
                                                                               (MAD/DJS)

**ATTORNEY GENERAL OF THE STATE OF
NEW YORK,**

                                  Respondent.

---

**APPEARANCES:**                                 **OF COUNSEL:**

**GEORGE BALTES**
19139-052
Federal Correctional Institution - Danbury
Route 37
Danbury, Connecticut 06811
Petitioner, *Pro Se*

**OFFICE OF THE NEW YORK**           **MARGARET A. CIEPRISZ, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Petitioner George Baltes ("Petitioner") filed a petition on January 5, 2018 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge state parole revocation proceedings, which took place in Clinton County Court in July 2011. Petitioner asserts three grounds for habeas relief, and alleges that these errors deprived him of a fair trial and due process of law in violation of his fundamental constitutional rights under the Sixth and Fourteenth Amendments. *See* Dkt. No. 21 at 2. In a May 9, 2019 Report-Recommendation and Order, Magistrate Judge

Stewart recommended denial and dismissal of the petition in its entirety. *See* Dkt. No. 21. Petitioner objected to the Report-Recommendation and Order on May 21, 2019. *See* Dkt. No. 22.

## II. BACKGROUND

Petitioner was convicted in 2008 of driving while intoxicated, failure to stay in his lane, obstruction of governmental administration, and resisting arrest. *See* Dkt. No. 21 at 2. Upon appeal, the conviction was affirmed in part and overturned in part; reversing the obstruction of governmental administration and resisting arrest convictions, but affirming the remainder. *People v. Baltes*, 75 A.D. 3d 656, 661 (3d Dept. 2010). Petitioner was sentenced to six months in jail and a five year term of probation. *See* Dkt. No. 21 at 3.

Subsequently, in 2011 Petitioner was charged with a federal drug crime in the Northern District of New York. *See* Dkt. No. 8-1 at 4. Petitioner was arrested and detained in federal custody as a result of that charge. *Id.* at 7. As a result of his arrest on federal charges, Petitioner was charged in New York State court with violating the terms of his probation. *Id.* On July 27, 2011, Petitioner pled guilty to two violations and was sentenced to an indeterminate term of one to three years imprisonment. *Id.* at 11. No appeal was filed. *See* Dkt. No. 1 at 2.

On April 23, 2013, Petitioner entered a guilty plea on the federal charges. *See* Dkt. No. 8-1 at 184. Petitioner was sentenced to a term of 121 months in prison based on that plea, which was subsequently reduced to 120 months upon Petitioner's motion. *Id.* at 222.

Petitioner is currently in Federal Custody, and the New York State Department of Corrections and Community Supervision ("DOCCS") has determined that Petitioner's state sentence is to run consecutively to his federal sentence. *See* Dkt. No. 8-1 at 35. Petitioner, through counsel, moved to clarify Petitioner's state court commitment so that the state sentence would run concurrently, rather than consecutively, to the federal term of imprisonment. *Id.* at 36.

2

That motion was denied on January 5, 2016, with the state court noting that "at the time the Court imposed this sentence, there was no federal sentence in existence to which the Court could have run this sentence either consecutively or concurrently." *Id.* at 96. Petitioner filed a second state court collateral attack on the July 2011 judgment on March 30, 2017. *Id.* at 112. That motion was denied in an October 2017 Decision and Order which characterized the motion as "nearly identical" to the previous motion denied in January 2016. *Id.* at 257.

On January 5, 2018, Petitioner filed a *pro se* habeas petition challenging his conviction. *See* Dkt. No. 1. Petitioner has asserted three grounds for habeas relief: (1) counsel provided ineffective assistance of counsel in plea negotiations; (2) running the State time consecutive to the Federal Sentence is contrary to the U.S. Constitution and *Setser v. United States*; and (3) ineffective assistance of counsel by being misadvised about the consequences and ramifications associated with imposition and calculation of the state sentence. *See id.* at 5-9. Respondent, the Attorney General of the State of New York ("Respondent") moved for and was granted permission to limit their answer to the issue of whether the petition was timely filed. *See* Dkt. No. 5. Petitioner has responded, arguing that the Petition should not be dismissed as untimely. *See* Dkt. No. 6. In a Report-Recommendation and Order dated May 9, 2019, Magistrate Judge Stewart recommended that Petitioner's petition be denied and dismissed in all respects as untimely. *See* Dkt. No. 21 at 10. Petitioner filed an objection to the Report-Recommendation and Order on May 21, 2019. *See* Dkt. No. 22.

### III. DISCUSSION

**A.   Standard of Review**

   ***1. AEDPA***

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Second Circuit noted in *Rodriguez v. Miller*, 439 F.3d 68 (2d Cir. 2006), *cert. granted, judgment vacated and cases remanded on other grounds by,* 549 U.S. 1163 (2007), that

> a federal court may award habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id*. at 73 (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F. 3d 57, 66 (2d Cir. 2005) (quotation omitted); *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003) (quotation omitted).

In providing guidance concerning the application of this test, the Second Circuit has observed that

> a state court's decision is "contrary to" clearly established federal law if it contradicts Supreme Court precedent on the application of a legal rule, or addresses a set of facts "materially indistinguishable" from a Supreme Court decision but nevertheless comes to a different conclusion than the Court did. [*Williams v. Taylor*, 529 U.S. 362] at 405-406, 120 S. Ct. 1495 [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir. 2001). . . . [A] state court's decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" of the case before it. *Williams*, 529 U.S. at 413, 120 S. Ct. 1495.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether a state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2009); *see also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have interpreted "objectively unreasonable" in this context to mean that "some increment of incorrectness beyond error" is required for the habeas court to grant the application. *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

As the Second Circuit has further instructed, the necessary predicate for a federal habeas court's deferential review is that a petitioner's federal claim has been "adjudicated on the merits" by the state court. *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003). "If a state court has not adjudicated the claim 'on the merits,'" the federal habeas court applies the pre-AEDPA standards, and reviews *de novo* the state court disposition of the petitioner's federal claims. *Id.* (quoting *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001)). "[A] state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when 'it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment.'" *Norde v. Keane*, 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). To determine whether a state court has disposed of a claim on the merits, a court will consider: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." *Aparicio*, 269 F.3d at 93 (quoting *Sellan*, 261 F.3d at 314).

*2. Review of a Report and Recommendation*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party files general objections, however, the court reviews those recommendations for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 958 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.     Timeliness of the Petition**

One of the most significant changes to a prisoner's litigation landscape that was brought about by Congress' enactment of the AEDPA was the institution of a one-year statute of limitations applicable to habeas petitions filed after April 24, 1996. *See* 28 U.S.C. § 2244(d). The law now provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003). As the Supreme Court observed in *Duncan v. Walker*, 533 U.S. 167 (2001), this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179; *see also Strauss v. Yelich*, No. 09-CV-0341, 2010 WL 1972781, *3 (N.D.N.Y. May 17, 2010) (citing *Duncan*, 533 U.S. at 179).

The AEDPA's statute of limitations contains a tolling provision which can serve to mitigate the potential harshness of the one-year filing requirement. *See* 28 U.S.C. § 2244(d)(2). This provision

> balances the interests served by the exhaustion requirement and the limitation period. Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by according tolling effect only to properly filed application[s] . . . .

*Pace v. DiGuglielmo*, 544 U.S. 408, 427 (2005) (quoting *Duncan*, 533 U.S. at 179-80). It is well-settled, however, that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not "reset" the one-year limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Duell v. Conway*, No. 9:07-CV-1321, 2010 WL 2695641, *4 (N.D.N.Y. May 6, 2010) (citation omitted).

Petitioner's arguments offer several potential trigger dates to start the running of the statute of limitations. Each was considered by Magistrate Judge Stewart, and review of those findings is considered in turn below.[1]

### 1. 28 U.S.C. § 2244(d)(1)(A)

In the present matter, Petitioner admittedly did not file a direct appeal from the state court proceedings challenged here. *See* Dkt. No. 1 at 2. Under state law he had thirty days to do so. N.Y. Crim. Proc. Law § 460.10(1)(a). When no appeal is filed, the expiration of that time period begins the running of the limitations period under 28 U.S.C. § 2244(d)(1)(A). Therefore, it would

---

[1] The Petition does not raise any allegations regarding newly recognized constitutional rights and so no issue is presented regarding section 2244(c)(1).

8

have begun to run in August 2011, and the petition would clearly be untimely.  Magistrate Judge Stewart correctly determined that the Petition is untimely under this section.

### 2. 28 U.S.C. § 2244(d)(1)(B)

Petitioner further claims that this subdivision applies because of an alleged lack of access to New York research materials while Petitioner has been in federal custody.  *See* Dkt. No. 16-1 at 2.  However, as Magistrate Judge Stewart correctly noted, habeas review is available only for claims that an individual is incarcerated in violation of federal, not state law.  28 U.S.C. § 2254(a).  "[E]ven assuming that a lack of New York State legal materials in ... the prison law library hindered Petitioner's ability to file post-conviction motions in New York State court, the lack of New York State legal materials cannot be said to have hindered Petitioner's ability to file a federal habeas [petition]."  *Wallace v. Superintendent of Clinton Correctional Facility*, No. 13-cv-3989, 2014 WL 2854631, *6 (S.D.N.Y. June 20, 2014).  Further, Petitioner does not allege that the federal facilities in which he was incarcerated did not provide adequate federal research materials.  The omission of such an allegation is fatal to any claim under this section.  *See Caldarola v. Capra*, No. 12-cv-6133, 2013 WL 5328197, *15 (S.D.N.Y. Sept. 6, 2013).  As such, the Court finds that Magistrate Judge Stewart correctly determined that the Petition is untimely under this section.

### 3. 28 U.S.C. § 2244(d)(1)(D)

Petitioner raises a number of specific arguments that this section renders his Petition timely.  Even assuming *arguendo* that Petitioner only discovered the factual predicates for his claim at a later date, his Petition is nevertheless untimely.

Specifically, Petitioner claims that, on "November 11, 2013, I was told the State time is consecutive by filed Detainer Action Letter and denied credit for any time served."  Dkt. No. 1 at

9

7. Even if the Court concludes that Petitioner could not have discovered the factual predicate for his claim through due diligence prior to November 11, 2013, the Petition is nevertheless untimely. Petitioner would have had one year from November 11, 2013, or until November 12, 2014, the first business day after the one-year period had elapsed, to file his Petition. Petitioner did not file his section 440 motion in state court until November 13, 2015, more than a year after the one-year statute of limitations expired. *See* Dkt. No. 8-1 at 243. As discussed in more detail below, had the state court petition been filed within the one-year statute of limitations, any remaining time would have been tolled until the state court issued its decision and his request for leave to appeal was denied. However, because a motion filed in state court after the expiration of the one-year statute of limitations period does not reset the limitations period, the Petition is untimely.

### 4. 28 U.S.C. § 2244(d)(2)

In his objections, Petitioner argues that Magistrate Judge Stewart failed "to mention that Petitioner not only filed a second 440 motion, but also previously through counsel, filed a Notice of Appeal of the Jan. 5, 2016 Decision and Order from Judge Ryan." Dkt. No. 22 at 1. Petitioner claims that because the appeal was not disposed of until October 26, 2017, his Petition is timely. *See id.*

As mentioned above, the AEDPA has a savings provision which tolls the statute of limitations while a properly filed state post-conviction motion remains pending. However, this savings provision only tolls the limitations period when the state post-conviction motion was filed within the one-year limitations period; it does not reset the one-year period. *See Gillard v. Sticht*, No. 9:16-cv-513, 2017 WL 318848, *2 (N.D.N.Y. Jan. 23, 2017) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)) (other citation omitted).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "extraordinary circumstances" the court may equitably toll the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to warrant equitable tolling, the petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevent timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

Here, Petitioner has failed to establish that he diligently pursued his rights or that some extraordinary circumstance prevented his timely filing. Rather, Petitioner provides no explanation as to why he waited just over two years to file his state court motion to correct his sentence, other than to state that he is proceeding *pro se* and lacks sufficient legal knowledge. This has repeatedly been found to be insufficient to establish the necessary elements for a claim of equitable tolling. *See Paliulis v. Saratoga Cty. Prob. Dep't*, No. 9:08-cv-1281, 2010 WL 1781600, *6 (N.D.N.Y. May 3, 2010) (citing cases); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (citing cases). Finally, Petitioner does not claim, and nothing in the record supports, a claim of actual innocence.

Based on the foregoing, the Court finds that Magistrate Judge Stewart correctly determined that the Petition is untimely.

## C. Certificate of Appealability

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a

11

habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[2] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum-Decision and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's May 9, 2019 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the Petition is **DENIED and DISMISSED**; and the Court further

**ORDERS** that Petitioner's appeal of Magistrate Judge Stewart's order denying his request for a scheduling order and to expedite review of this case (Dkt. No. 20) is **DENIED as moot**; and the Court further

---

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 13, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge